UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MATTHEW TOBIN<br>on behalf of himself and all<br>others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BEER CAPITOL DISTRIBUTING, INC.,<br>a Domestic Corporation, and<br><br>ALDO MADIGRANO, and<br><br>RONALD FOWLER, and<br><br>MICHAEL MERRIMAN,<br><br>      Defendants. | CASE NO. 12-cv-274<br><br><br>COLLECTIVE AND CLASS<br>ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff Matthew Tobin, on behalf of himself and all other similarly situated current and former hourly employees of Defendant Beer Capitol Distributing, Inc., Aldo Madigrano, Ronald Fowler, and Michael Merriman, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated

damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Founded in 1981, Beer Capitol Distributing, Inc. is a Wisconsin corporation and is the largest beer distributor in Wisconsin. Mr. Aldo Madigrano is Beer Capitol Distributing, Inc.'s Chief Executive Officer and a part owner. Mr. Ronald Fowler is a part owner and member of Beer Capitol Distributing, Inc.'s board of directors. Mr. Michael Merriman is Beer Capitol Distributing, Inc.'s President and a part owner.

3. Beer Capitol Distributing, Inc., at the direction of Mr. Aldo Madigrano, Mr. Ronald Fowler , and Mr. Michael Merriman, operates an unlawful compensation system that deprives current and former Merchandisers of their wages earned for all compensable work time, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Beer Capitol Distributing, Inc. has failed to comply with both state and federal overtime laws by paying its Merchandisers a salary; though no overtime exemption applied to these employees.

4. The deliberate failure to properly compensate its Merchandisers overtime compensation by Beer Capitol Distributing, Inc. violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

8. Defendant Beer Capitol Distributing, Inc. ("Beer Capitol Distributing") is a Wisconsin Corporation with a principal place of business at W222 N5700 Miller Way, in the Village of Sussex, County of Waukesha, in the State of Wisconsin, 53089. Beer Capitol Distributing's registered agent for service of process in the State of Wisconsin is Michael Merriman located at W222 N5700 Miller Way, in the Village of Sussex, County of Waukesha, in the State of Wisconsin, 53089.

9. Defendant Aldo Madigrano ("Madigrano") is Beer Capitol Distributing's Chief Executive Officer and a part owner. Madigrano oversees the day-to-day financial operation of Beer Capitol Distributing and has operation control over the human resources and compensation aspects at Beer Capitol Distributing. Madigrano is a resident of the State of Wisconsin and resides in Waukesha County.

10. On information and belief, Defendant Ronald Fowler ("Fowler") is a part owner and member of Beer Capitol Distributing's board of directors. Fowler oversees the day-to-day financial operation of Beer Capitol Distributing and has operation control over the human resources and compensation aspects at Beer Capitol Distributing. Fowler is a resident of the State of California.

11. Defendant Mr. Michael Merriman ("Merriman") is Beer Capitol Distributing's President and a part owner. Merriman oversees the day-to-day financial operation of Beer Capitol Distributing and has operation control over the human resources and compensation aspects at Beer Capitol Distributing. Merriman is a resident of the State of Wisconsin and resides in Waukesha County.

12. Defendants Beer Capitol Distributing, Madigrano, Fowler, and Merriman will be collectively referred to as "Defendants" hereinafter.

13. Plaintiff Matthew Tobin (hereinafter "Plaintiff") is an adult who resides in the City of Wauwatosa, County of Milwaukee, State of Wisconsin. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint. Plaintiff is a current employee of Defendants who works as a Merchandiser and has worked for Defendants for three years from the date of filing of this Complaint.

14. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Merchandiser Wage Class** is defined as follows:

> All persons who are or have been employed by Defendants as a salaried Merchandiser who worked in excess of forty hours in any one workweek, within three years prior to this action's filing date, without receiving overtime premium compensation at time and one-half the regular rate for each hour worked over forty in a workweek.

15. Plaintiff brings this action on behalf of himself and the Wisconsin Wage Class pursuant to FED. R. CIV. P. Rule 23. The **Wisconsin Wage Class** is defined as follows:

> All persons who are or have been employed by Defendants in Wisconsin as a salaried Merchandiser who worked in excess of forty hours in any one workweek, within two years prior to this action's filing date, without receiving overtime

premium compensation at time and one-half the regular rate for each hour worked over forty in a workweek.

## GENERAL ALLEGATIONS

16. Plaintiff and the Collective Merchandiser Wage Class work or have worked for Defendants as salaried Merchandisers within the three years preceding the filing of this complaint.

17. Plaintiff and the Wisconsin Wage Class work or have worked for Defendants as salaried Merchandisers at locations in Wisconsin within the three years preceding the filing of this complaint.

18. Shortly after Beer Capitol Distributing acquired another distributor, Miller Brands-Milwaukee, LLC, in 2008, Beer Capitol Distributing began paying their Merchandisers a salary, rather than on an hourly basis. At this same time, Beer Capitol Distributing stopped paying its Merchandisers overtime compensation.

19. Salaried Merchandisers travel to Defendants' customers' locations and place product which has already been delivered on the sales floor and place sales materials throughout the customer location. Merchandisers stock shelves, assemble and move displays, and hang signage or other advertising material. Merchandisers rotate product to make sure the older product is sold first and to ensure product that is too old is removed.

20. Defendants' salaried Merchandisers are not delivery drivers.

21. The salaried Merchandisers, in performing work for Defendants, do not operate vehicles with a gross vehicle weight rating of 10,001 pounds or greater.

22. The salaried Merchandisers, in performing work for Defendants, do not operate vehicles with a gross vehicle weight of 10,001 pounds or greater.

23. Plaintiff, as a salaried Merchandiser has been subjected to the same illegal compensation policies by Defendants as Defendants' other salaried Merchandisers.

24. Defendants' salaried Merchandisers are paid a fixed amount of compensation each workweek regardless of the number of hours they work.

25. Defendants' salaried Merchandisers do not receive any additional compensation when they work in excess of forty hours in any workweek.

26. Plaintiff performed more than forty hours of work per workweek during the three years preceding the filing of this complaint.

27. During weeks when Plaintiff performed more than forty hours of work per workweek, Plaintiff was not paid any additional compensation beyond his salary.

28. The Collective Merchandisers Wage Class performed more than forty hours of work per workweek during the three years preceding the filing of this complaint.

29. During weeks when the Collective Merchandisers Wage Class performed more than forty hours of work per workweek, the Collective Merchandisers Wage Class was not paid any additional compensation beyond their salaries.

30. Defendants have not and do not compensate Plaintiff and the Collective Merchandisers Wage Class at a rate of one and one half times the regular rate for all hours worked in excess of forty hours per workweek.

31. Defendants suffered or permitted Plaintiff and the Collective Merchandisers Wage Class to work without being paid appropriate compensation for each hour worked.

32. Defendants do not maintain proper time records for Plaintiff and the Collective Merchandisers Wage Class. Defendants do not maintain accurate records of the start and end

time of each Collective Merchandisers Wage Class member's workday; nor have Defendants accurately recorded the start and end time of any unpaid breaks.

33. Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Merchandisers Wage Class.

34. Madigrano is involved in the management, supervision and oversight of Beer Capitol Distributing; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decision and policy making; is involved in Beer Capitol Distributing day-to day functions; has a role in determining employee salaries; and has control over classification of individuals who perform work for Beer Capitol Distributing.

35. Madigrano specifically was involved in the decision to pay the Collective Merchandisers Wage Class a salary and classify them as exempt under the FLSA and WWPCL.

36. Fowler is involved in the management, supervision and oversight of Beer Capitol Distributing; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decision and policy making; is involved in Beer Capitol Distributing day-to day functions; has a role in determining employee salaries; and has control over classification of individuals who perform work for Beer Capitol Distributing.

37. Fowler specifically was involved in the decision to pay the Collective Merchandisers Wage Class a salary and classify them as exempt under the FLSA and WWPCL.

38. Merriman is involved in the management, supervision and oversight of Beer Capitol Distributing; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decision and policy making; is involved in Beer Capitol Distributing day-to day functions; has a role in determining employee salaries; and has control over classification of individuals who perform work for Beer Capitol Distributing.

39. Merriman specifically was involved in the decision to pay the Collective Merchandisers Wage Class a salary and classify them as exempt under the FLSA and WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the Collective Class.

41. The FLSA claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

42. Upon information and belief, Plaintiff and the Collective Merchandisers Wage Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Merchandisers Wage Class.

43. Plaintiff and the Collective Merchandisers Wage Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

44. The FLSA 216(b) Collective Merchandisers Wage Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Defendants. Notice can be provided to the Collective Merchandisers Wage Class via first class mail to the last address

known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

45. Plaintiff brings his Wisconsin state law claims, pursuant to the WWPCL, under Fed. R. Civ. P. 23 on behalf of the Wisconsin Wage Class for violation occurring on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

46. The Wisconsin Wage Class members are readily ascertainable. The number and identity of the Wisconsin Wage Class members are determinable from the records of Defendants. The job titles, length of employment and the rates of pay for each Wisconsin Wage Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names, addresses, phone numbers, and social security numbers are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

47. The proposed Wisconsin Wage Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the numbers were calculated are presently within the sole control of Defendants, upon information and belief, there are more than sixty members of the Wisconsin Wage Class.

48. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Wage Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Wage Class in separate actions. All the Wisconsin Wage Class members were subject to the same corporate practice of Defendants, as alleged

herein, failing to compensate employees at proper rate for each hour worked over forty (40) hours a week pursuant to the WWPCL. Defendants' corporate-wide policies and practices affected all Wisconsin Wage Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Wage Class member. Plaintiff and other Wisconsin Wage Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

49. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Wage Class and has no interests antagonistic to the Wisconsin Wage Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous Plaintiffs in class and collective action wage and hour cases.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Wage Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Wage Class members to redress the wrongs done to them.

51. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of

court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Wage Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Wage Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52. Defendants have violated and continue to violate the WWPCL regarding payment of overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

53. There are questions of fact and law common to the Wisconsin Wage Class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether the work performed by Plaintiff and the Wisconsin Wage Class is compensable under federal law and/or Wisconsin law;

    b) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Wage Class to perform work for Defendants' benefit without being properly compensated;

    c) Whether Defendants failed to maintain true and accurate records for all hours worked by the Wisconsin Wage Class as required by Wisconsin Law;

d) Whether the members of the Wisconsin Wage Class were properly classified as exempt from overtime premium payments under the FLSA and Wisconsin Law;

e) Whether Defendants failed to pay the Wisconsin Wage Class for all work Defendants suffered or permitted them to perform; and

f) The nature and extent of class-wide injury and the measure of damages for the injury.

54. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938 as Amended**
**(Plaintiff on behalf of himself and the Collective Merchandisers Wage Class)**

55. Plaintiff, on behalf of himself and the Collective Merchandisers Wage Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

56. At all time material herein, Plaintiff and the Collective Merchandisers Wage Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

57. At all times material herein, Beer Capitol Distributing was an employer of Plaintiff and the Collective Merchandisers Wage Class as provided under the FLSA.

58. At all times material herein, Madigrano was an employer of Plaintiff and the Collective Merchandisers Wage Class as provided under the FLSA.

59. At all times material herein, Fowler was an employer of Plaintiff and the Collective Merchandisers Wage Class as provided under the FLSA.

60. At all times material herein, Merriman was an employer of Plaintiff and the Collective Merchandisers Wage Class as provided under the FLSA.

61. Plaintiff and the Collective Merchandisers Wage Class are victims of a uniform compensation policy and practice in violation of the FLSA.

62. Defendants violated the FLSA by failing to account for and compensate Plaintiff and the Collective Merchandisers Wage Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

63. In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by Plaintiff and the Collective Merchandisers Wage Class.

64. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

65. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

66. Defendants' failure to properly compensate Plaintiff and the Collective Merchandisers Wage Class and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective Merchandisers Wage Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages,

Plaintiff and the Collective Merchandisers Wage Class are entitled to an award of pre-judgment interest at the applicable legal rate.

67. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the Collective Merchandisers Wage Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

68. Plaintiff and the Collective Merchandisers Wage Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

69. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Wages and Overtime
### (Plaintiff on behalf of himself and the Wisconsin Wage Class)

70. Plaintiff, on behalf of himself and the Wisconsin Wage Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

71. At all relevant times, Plaintiff and the Wisconsin Wage Class were employees within the meaning of Wis. Stat. §109.01(1r).

72. At all relevant times, Plaintiff and the Wisconsin Wage Class were employees within the meaning of Wis. Stat. §103.001(5).

73. At all relevant times, Plaintiff and the Wisconsin Wage Class were employees within the meaning of Wis. Stat. §104.01(2)(a).

74. At all relevant times, Beer Capitol Distributing was an employer within the meaning of Wis. Stat. §109.01(2).

75. At all relevant times, Beer Capitol Distributing was an employer within the meaning of Wis. Stat. §103.001(6).

76. At all relevant times, Beer Capitol Distributing was an employer within the meaning of Wis. Stat. §104.01(3)(a).

77. At all relevant times, Beer Capitol Distributing was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

78. At all relevant times, Beer Capitol Distributing has employed, and continues to employ Plaintiff and the Wisconsin Wage Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

79. At all relevant times, Madigrano was an employer within the meaning of Wis. Stat. §109.01(2).

80. At all relevant times, Madigrano was an employer within the meaning of Wis. Stat. §103.001(6).

81. At all relevant times, Madigrano was an employer within the meaning of Wis. Stat. §104.01(3)(a).

82. At all relevant times, Madigrano was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

83. At all relevant times, Madigrano has employed, and continues to employ Plaintiff and the Wisconsin Wage Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

84. At all relevant times, Fowler was an employer within the meaning of Wis. Stat. §109.01(2).

85. At all relevant times, Fowler was an employer within the meaning of Wis. Stat. §103.001(6).

86. At all relevant times, Fowler was an employer within the meaning of Wis. Stat. §104.01(3)(a).

87. At all relevant times, Fowler was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

88. At all relevant times, Fowler has employed, and continues to employ Plaintiff and the Wisconsin Wage Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

89. At all relevant times, Merriman was an employer within the meaning of Wis. Stat. §109.01(2).

90. At all relevant times, Merriman was an employer within the meaning of Wis. Stat. §103.001(6).

91. At all relevant times, Merriman was an employer within the meaning of Wis. Stat. §104.01(3)(a).

92. At all relevant times, Merriman was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

93. At all relevant times, Merriman has employed, and continues to employ Plaintiff and the Wisconsin Wage Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

94. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Wage Class members regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

95. At all relevant times, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Wage Class overtime compensation.

96. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

97. Defendants willfully failed to pay Plaintiff and the Wisconsin Wage Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

98. As set forth above, Plaintiff and the Wisconsin Wage Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Wage Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Wage Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

99. Plaintiff, on behalf of himself and the Wisconsin Wage Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly situated current and former employees who are members of the Collective Merchandisers Wage Class informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all members of the Collective Merchandisers Wage Class of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the members of the Collective Merchandisers Wage Class that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Cross Law Firm as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and members of the Collective Merchandisers Wage Class and Wisconsin Wage Class damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and members of the Collective Merchandisers Wage Class and Wisconsin Wage Class liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and members of the Collective Merchandisers Wage Class and Wisconsin Wage Class for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and members of the Collective Merchandisers Wage Class and Wisconsin Wage Class with such other and further relief, as the Court deems just and equitable.

# DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under federal law.

Dated this 21st day of March 2012.

    Respectfully submitted,

    s/LARRY JOHNSON
    Larry A. Johnson
    State Bar No. 1056619
    Noah Reinstein
    State Bar No. 1056754
    Nola J. Hitchcock Cross
    State Bar No. 1015817

    Cross Law Firm, S.C.
    The Lawyers' Building
    845 N. 11th Street
    Milwaukee, WI 53233
    (414) 224-0000 (office)
    (414) 273-7055 (facsimile)
    nreinstein@crosslawfirm.com
    ljohnson@crosslawfirm.com
    njhcross@crosslawfirm.com
    Attorneys for Plaintiff