# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MATTHEW TOBIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BEER CAPITOL DISTRIBUTING, INC., ALDO MADIGRANO, RONALD FOWLER, and MICHAEL MERRIMAN | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 2:12-CV-00274

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, BEER CAPITOL DISTRIBUTING, INC., ALDO MADIGRANO, RONALD FOWLER, and MICHAEL MERRIMAN (collectively, "the Defendants"), by and through their attorneys, JACKSON LEWIS LLP, by Ann Barry Hanneman and Brian G. Nuedling, and hereby denies the averments as set forth in the Plaintiff's Collective and Class Action Complaint (hereinafter referred to as "Complaint"), except to the extent hereinafter admitted or qualified, and further state as follows:

### PRELIMINARY STATEMENT

1. The allegations set forth in Paragraph 1 of the Complaint represent conclusions of law to which no responsive pleading is required. The extent that a response is required, the allegations in Paragraph 1 are denied. Defendants specifically deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to the Fair Labor Standards Act ("FLSA"), Chapter 109 of the

Wisconsin Statutes (Wage Payments, Claims, and Collections), Chapter 104 of the Wisconsin Statutes (Minimum Wage Law), Chapter 103 of the Wisconsin Statutes (Employment Regulations), Chapter DWD 274 (Hours of Work and Overtime), and/or Chapter DWD 272. Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

2. The Defendants admit the professional relationships of the individual Defendants to Defendant Beer Capitol Distributing, Inc. and admit Beer Capitol Distributing, Inc. is a Wisconsin corporation, but deny remaining allegations. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served. Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

3. The Defendants deny Paragraph 3 in its entirety. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

4. The Defendants deny Paragraph 4 in its entirety.

## JURISDICTION AND VENUE

5. The allegations set forth in Paragraph 5 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 5 are denied. In addition, Defendants deny that any unlawful actions occurred and further deny all assertions of

wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

6. The allegations set forth in Paragraph 6 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 6 are denied. Additionally, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

7. The allegations set forth in Paragraph 7 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 7 are denied. In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

**PARTIES**

8. The Defendants admit the asserted information with respect to Defendant Beer Capitol Distributing, Inc. However, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

9. The Defendants admit that Defendant Aldo Madigrano is Beer Capitol Distributing's Chief Executive Officer and a part owner, but denies the remaining allegations. In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage

3

and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

10. The Defendants admit the asserted information with respect to Defendant Ronald Fowler that he is part owner and a member of the Board of Directors, but denies remaining allegations. Defendants further assert this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served. Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

11. The Defendants admit that Defendant Michael Merriman is Beer Capitol Distributing's President and a part owner, but denies remaining allegations. However, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

12. The Defendants affirmatively state that Paragraph 12 presents a statement for the purposes of reference to which no response is required. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the statements regarding the Plaintiff and, therefore, denies same and put the Plaintiff to his strict proof thereon. The Defendants assert that Exhibit "A" speaks for itself.

4

Case 2:12-cv-00274-CNC    Filed 04/23/12    Page 4 of 19    Document 10

14. The allegations set forth in Paragraph 14 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15. The allegations set forth in Paragraph 15 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 15 are denied.

## **GENERAL ALLEGATIONS**

16. The allegations set forth in Paragraph 16 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 16 are denied. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

17. The allegations set forth in Paragraph 17 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 17 are denied. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

18. The Defendants deny Paragraph 18 in its entirety.

19. The Defendants admit that the assertions describe, in part, job duties of merchandisers employed by Defendant Beer Capitol Distributing Inc., but deny that the list of tasks as set forth in Paragraph 19 is exhaustive and deny any remaining

5

allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

20. The Defendants deny Paragraph 20 in its entirety.

21. The Defendants deny Paragraph 21 in its entirety.

22. The Defendants deny Paragraph 22 in its entirety.

23. The Defendants deny Paragraph 23 in its entirety.

24. The Defendants deny Paragraph 24 in its entirety.

25. The Defendants deny Paragraph 25 in its entirety.

26. The Defendants deny Paragraph 26 in its entirety.

27. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

28. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

29. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

30. The Defendants deny Paragraph 30 in its entirety.

31. The Defendants deny Paragraph 31 in its entirety.

32. The Defendants deny Paragraph 32 in its entirety.

33. The Defendants deny Paragraph 33 in its entirety.

34. The Defendants admit that Defendant Madigrano is involved in the management, supervision and oversight of Beer Capitol Distributing, but denies remaining allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

35. The Defendants deny Paragraph 35 in its entirety.

36. The Defendants admit that Defendant Fowler is involved in the management, supervision and oversight of Beer Capitol Distributing, but denies remaining allegations. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

37. The Defendants deny Paragraph 37 in its entirety. Defendants further assert this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

38. The Defendants admit Defendant Merriman is involved in the management, supervision and oversight of Beer Capitol Distributing, but denies remaining allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard

7

to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff, either individually or collectively.

39. The Defendants deny Paragraph 39 in its entirety.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40. The allegations set forth in Paragraph 40 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 40 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

41. The allegations set forth in Paragraph 41 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 41 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

42. The Defendants deny Paragraph 42 in its entirety.

43. The Defendants deny Paragraph 43 in its entirety.

44. The allegations set forth in Paragraph 44 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 44 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of

wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

## **RULE 23 CLASS ALLEGATIONS – WISCONSIN**

45. The allegations set forth in Paragraph 45 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 45 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

46. The Defendants deny Paragraph 46 in its entirety.

47. The Defendants deny Paragraph 47 in its entirety.

48. The Defendants deny Paragraph 48 in its entirety.

49. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statements and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

50. The Defendants deny Paragraph 50 in its entirety.

51. The Defendants deny Paragraph 51 in its entirety.

52. The Defendants deny Paragraph 52 in its entirety.

53. The Defendants deny Paragraph 53 in its entirety.

54. The Defendants deny Paragraph 54 in its entirety.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as amended
### (Plaintiff on behalf of himself and the Collective Merchandisers Wage Class)

55. The Defendants adopt and reassert the responses contained in Paragraphs 1-54 of this Answer to the Plaintiff's Complaint.

56. The allegations set forth in Paragraph 56 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 56 are denied.

57. The allegations set forth in Paragraph 57 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 57 are denied.

58. The allegations set forth in Paragraph 58 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 58 are denied.

59. The allegations set forth in Paragraph 59 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 59 are denied.

60. The allegations set forth in Paragraph 60 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 60 are denied.

61. The Defendants deny Paragraph 61 in its entirety.

62. The Defendants deny Paragraph 62 in its entirety.

63. The Defendants deny Paragraph 63 in its entirety.

64. The allegations set forth in Paragraph 64 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 64 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

65. The allegations set forth in Paragraph 65 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 65 are denied.

66. The Defendants deny Paragraph 66 in its entirety.

67. The Defendants deny Paragraph 67 in its entirety.

68. The Defendants deny Paragraph 68 in its entirety.

69. The allegations set forth in Paragraph 69 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 69 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

**SECOND CLAIM FOR RELIEF**
**Violation of WWPCL – Unpaid Wages and Overtime**
**(Plaintiff on behalf of himself and the Wisconsin Wage Class)**

70. The Defendants adopt and reassert the responses contained in Paragraphs 1-69 of this Answer to the Plaintiff's Complaint.

71. The allegations set forth in Paragraph 71 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 71 are denied.

72. The allegations set forth in Paragraph 72 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 72 are denied.

73. The allegations set forth in Paragraph 73 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 73 are denied.

74. The allegations set forth in Paragraph 74 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 74 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

75. The allegations set forth in Paragraph 75 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 75 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

76. The allegations set forth in Paragraph 76 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a

response is required, the allegations in Paragraph 76 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

77. The allegations set forth in Paragraph 77 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 77 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

78. The allegations set forth in Paragraph 78 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 78 are denied.

79. The allegations set forth in Paragraph 79 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 79 are denied.

80. The allegations set forth in Paragraph 80 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 80 are denied.

81. The allegations set forth in Paragraph 81 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 81 are denied.

82. The allegations set forth in Paragraph 82 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 82 are denied.

83. The allegations set forth in Paragraph 83 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 83 are denied.

84. The allegations set forth in Paragraph 84 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 84 are denied. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

85. The allegations set forth in Paragraph 85 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 85 are denied. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

86. The allegations set forth in Paragraph 86 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 86 are denied. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

87. The allegations set forth in Paragraph 87 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a

response is required, the allegations in Paragraph 87 are denied. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

88. The allegations set forth in Paragraph 88 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 88 are denied. Defendants further assert that this court lacks personal jurisdiction over Defendant Fowler as he has not been properly served.

89. The allegations set forth in Paragraph 89 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 89 are denied.

90. The allegations set forth in Paragraph 90 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 90 are denied.

91. The allegations set forth in Paragraph 91 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 91 are denied.

92. The allegations set forth in Paragraph 92 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 92 are denied.

93. The allegations set forth in Paragraph 93 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 93 are denied.

94. The Defendants deny Paragraph 94 in its entirety.

95. The Defendants deny Paragraph 95 in its entirety.

96. The Defendants deny Paragraph 96 in its entirety.

97. The Defendants deny Paragraph 97 in its entirety.

98. The Defendants deny Paragraph 98 in its entirety.

99. The Defendants deny that the Plaintiff is entitled to said relief.

100. As to each and every remaining allegation not specifically admitted or denied, Defendants deny such allegations and put Plaintiff to his strict proof therein.

**WHEREFORE**, the Defendants deny that the Plaintiff is entitled to any relief as more particularly described at the conclusion of the Complaint.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

**WHEREFORE,** NOW COME the Defendants, BEER CAPITOL DISTRIBUTING, INC., ALDO MADIGRANO, RONALD FOWLER, and MICHAEL MERRIMAN (hereinafter collectively referred to as the "Defendants"), by and through their attorneys, JACKSON LEWIS LLP, by Ann Barry Hanneman and Brian G. Nuedling, and as and for their affirmative defenses to the Plaintiff's Complaint, hereby aver the following:

1. **FIRST DEFENSE:** As and for their first affirmative defense, the Defendants aver that some or all of the Plaintiff's claims fail to state a claim upon which may be granted.

2. **SECOND DEFENSE:** As and for their second affirmative defense, the Defendants aver that the claims of the Plaintiff are barred in whole or in part to the extent that the Defendants acted lawfully, in good faith, and without malice, intent or reckless indifference toward any rights of the Plaintiff.

16

3. **THIRD DEFENSE:** As and for their third affirmative defense, the Defendants aver that the Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

4. **FOURTH DEFENSE:** As and for their fourth affirmative defense, the Defendants aver that if the Plaintiff sustained injuries and/or damages as alleged, said injuries and/or damages may be due, in whole or in part, to the negligence, conduct, fault, carelessness, want of ordinary care or omissions on the part of the Plaintiff and/or other persons or entities not named in this action.

5. **FIFTH DEFENSE:** As and for their fifth affirmative defense, the Defendants aver that the Plaintiff has failed to plead a cause of action with sufficient particularity to support an award of liquidated damages under the Fair Labor Standards Act.

6. **SIXTH DEFENSE:** As and for their sixth affirmative defense, the Defendants aver that if a violation of the Fair Labor Standards Act occurred – which is specifically denied – such violation was not willful.

7. **SEVENTH DEFENSE:** As and for their seventh affirmative defense, the Defendants aver that some or all of the Plaintiff's claims may be barred by the executive, administrative or outside sales exemptions set forth in 29 U.S.C. § 213(a)(1).

8. **EIGHTH DEFENSE:** As and for their eighth affirmative defense, the Defendants aver that some or all of the Plaintiff's claims may be barred by the applicable statute of limitations of the Fair Labor Standards Act, including the two-year limitation, as set forth in 29 U.S.C. § 255.

17

9. **NINTH DEFENSE:** As and for their ninth affirmative defense, the Defendants aver that Beer Capitol Distributing, Inc., acted at all times in good faith in attempting to comply with its obligations under the FLSA.

10. **TENTH DEFENSE:** As and for their tenth affirmative defense, the Defendants aver that the Plaintiff's claims for damages are barred to the extent that the Plaintiff has failed to mitigate any damages that he might have sustained.

11. **ELEVENTH DEFENSE:** As and for their eleventh affirmative defense, the Defendants aver that the Plaintiff's claims for punitive or exemplary damages may violate substantive and procedural due process protections of the Wisconsin and United States Constitutions.

12. **TWELFTH DEFENSE:** As and for their twelfth affirmative defense, the Defendants aver that any award of exemplary or punitive damages in this action would be an unconstitutional excessive fine.

13. **THIRTEENTH DEFENSE:** As and for their thirteenth affirmative defense, the Defendants aver that those matters that are equitable in nature are not triable to a jury, but to the court. Consequently, the Defendants object to a jury trial for those issues that are equitable in nature, including, but not limited to, the Plaintiff's claims for compensatory, liquidated, and punitive damages, and "other and further relief."

14. **FOURTEENTH DEFENSE:** As and for their fourteenth affirmative defense, the Defendants aver that Plaintiff has not properly served Defendant Fowler and, as a result, this court lacks personal jurisdiction over Defendant Fowler.

The Defendants reserve the right to amend their Answer and add additional affirmative defenses or counterclaims that may become known during discovery and/or during the course of this litigation.

**WHEREFORE,** having fully answered the Plaintiff's Complaint, the Defendants respectfully request that:

1. Judgment be entered in the Defendants' favor and that all claims asserted in this action be dismissed with prejudice;

2. Judgment be entered against the Plaintiff in the Defendants' favor for all costs and attorney's fees incurred by the Defendants in defense of this action; and

3. The Defendants recover such other relief as the court may deem just and proper.

Dated this 23rd day of April, 2012.

**BEER CAPITOL DISTRIBUTING, INC.**

By: s/ Ann Barry Hanneman
Ann Barry Hanneman, Esq. (SBN 1008899)
Brian G. Nuedling, Esq. (SBN 1035493)
JACKSON LEWIS LLP
20975 Swenson Drive, Suite 250
Waukesha, WI 53186
Telephone: (262) 717-3170
Facsimile: (262) 717-3186
Email: ann.hanneman@jacksonlewis.com
brian.nuedling@jacksonlewis.com