# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MATTHEW TOBIN,          )
                                      )
        Plaintiff,     )
                                      )
   v.                      )
                                      )
BEER CAPITOL DISTRIBUTING, INC., )     Case No. 2:12-CV-00274
ALDO MADIGRANO,        )
RONALD FOWLER,         )
and MICHAEL MERRIMAN   )
                                        )
                                        )
        Defendants.   )

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, BEER CAPITOL DISTRIBUTING, INC., ALDO MADIGRANO, RONALD FOWLER, and MICHAEL MERRIMAN (collectively, "the Defendants"), by and through their attorneys, JACKSON LEWIS LLP, by Ann Barry Hanneman and Brian G. Nuedling, and hereby deny the averments as set forth in the Plaintiff's Collective and Class Action Complaint (hereinafter referred to as "Complaint"), except to the extent hereinafter admitted or qualified, and further state as follows:

### PRELIMINARY STATEMENT

1.      The allegations set forth in Paragraph 1 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 1 are denied. Defendants specifically deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to the Fair Labor Standards Act ("FLSA"), Chapter 109 of the

Wisconsin Statutes (Wage Payments, Claims, and Collections), Chapter 104 of the Wisconsin Statutes (Minimum Wage Law), Chapter 103 of the Wisconsin Statutes (Employment Regulations), Chapter DWD 274 (Hours of Work and Overtime), and/or Chapter DWD 272. Defendants deny that they have any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

2.      The Defendants admit the titles and ownership of the individual Defendants to Defendant Beer Capitol Distributing, Inc. and admit Beer Capitol Distributing, Inc. is a Wisconsin corporation, but deny remaining allegations. Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

3.      The Defendants deny Paragraph 3 in its entirety.

4.      The Defendants deny Paragraph 4 in its entirety.

## JURISDICTION AND VENUE

5.      The allegations set forth in Paragraph 5 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 5 are denied. In addition, Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

2

6.      The allegations set forth in Paragraph 6 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 6 are denied. Additionally, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

7.      The allegations set forth in Paragraph 7 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 7 are denied. In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

## PARTIES

8.      The Defendants admit Defendant's address, but deny remaining allegations.  In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

9.      The Defendants admit that Defendant Aldo Madigrano is Beer Capitol Distributing's Chief Executive Officer and a part owner, but deny the remaining allegations. In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny any liability to the

3

Plaintiff and/or members of the purported class or collective action, either individually or collectively.

10. The Defendants admit that Defendant Ronald Fowler is part owner and a member of the Board of Directors, but deny remaining allegations. Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

11. The Defendants admit that Defendant Michael Merriman is Beer Capitol Distributing's President and a part owner, but deny remaining allegations. In addition, the Defendants deny that any unlawful actions occurred and further deny all assertions of wrongdoing, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

12. The Defendants affirmatively state that Paragraph 12 presents a statement for the purposes of reference to which no response is required. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13. The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the statements regarding the Plaintiff and, therefore, deny same and put the Plaintiff to his strict proof thereon. The Defendants assert that Exhibit "A" speaks for itself.

4

14.     The allegations set forth in Paragraph 14 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15.     The allegations set forth in Paragraph 15 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 15 are denied.

## **GENERAL ALLEGATIONS**

16.     The allegations set forth in Paragraph 16 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 16 are denied. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

17.     The allegations set forth in Paragraph 17 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 17 are denied. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

18.     The Defendants deny Paragraph 18 in its entirety.

19.     The Defendants admit that generally merchandisers employed by Defendant Beer Capitol Distributing Inc., perform sales activities at Defendants' customer location that may include placement of product and sales materials but deny

that the list of tasks as set forth in Paragraph 19 is exhaustive and deny any remaining allegations not specifically admitted herein. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

20.     The Defendants deny Paragraph 20 in its entirety.

21.     The Defendants deny Paragraph 21 in its entirety.

22.     The Defendants deny Paragraph 22 in its entirety.

23.     The Defendants deny Paragraph 23 in its entirety.

24.     The Defendants deny Paragraph 24 in its entirety.

25.     The Defendants deny Paragraph 25 in its entirety.

26.     The Defendants deny Paragraph 26 in its entirety.

27.     The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

28.     The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

29.     The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statement and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

30.     The Defendants deny Paragraph 30 in its entirety.

31.     The Defendants deny Paragraph 31 in its entirety.

6

32.     The Defendants deny Paragraph 32 in its entirety.

33.     The Defendants deny Paragraph 33 in its entirety.

34.     The Defendants admit that Defendant Madigrano is involved in the management, supervision, and oversight of Beer Capitol Distributing, but deny remaining allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

35.     The Defendants deny Paragraph 35 in its entirety.

36.     The Defendants admit that Defendant Fowler is involved in the management, supervision, and oversight of Beer Capitol Distributing, but deny remaining allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The Defendants deny that they have any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

37.     The Defendants deny Paragraph 37 in its entirety.

38.     The Defendants admit Defendant Merriman is involved in the management, supervision, and oversight of Beer Capitol Distributing, but deny remaining allegations. The Defendants further deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation. The

7

Defendants deny that they have any liability to the Plaintiff and/or members of the purported class or collective action, either individually or collectively.

39. The Defendants deny Paragraph 39 in its entirety.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40. The allegations set forth in Paragraph 40 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 40 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

41. The allegations set forth in Paragraph 41 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 41 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

42. The Defendants deny Paragraph 42 in its entirety.

43. The Defendants deny Paragraph 43 in its entirety.

44. The allegations set forth in Paragraph 44 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 44 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of

8

wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

45.     The allegations set forth in Paragraph 45 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 45 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

46.     The Defendants deny Paragraph 46 in its entirety.

47.     The Defendants deny Paragraph 47 in its entirety.

48.     The Defendants deny Paragraph 48 in its entirety.

49.     The Defendants lack sufficient information upon which to form a basis for belief as to the accuracy of the Plaintiff's statements and, therefore, deny these allegations and put the Plaintiff to his strict proof thereon.

50.     The Defendants deny Paragraph 50 in its entirety.

51.     The Defendants deny Paragraph 51 in its entirety.

52.     The Defendants deny Paragraph 52 in its entirety.

53.     The Defendants deny Paragraph 53 in its entirety.

54.     The Defendants deny Paragraph 54 in its entirety.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938 as amended**
**(Plaintiff on behalf of himself and the Collective Merchandisers Wage Class)**

55.     The Defendants adopt and reassert the responses contained in Paragraphs 1-54 of this Amended Answer and Affirmative Defenses.

56.     The allegations set forth in Paragraph 56 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 56 are denied.

57.     The allegations set forth in Paragraph 57 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 57 are denied.

58.     The allegations set forth in Paragraph 58 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 58 are denied.

59.     The allegations set forth in Paragraph 59 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 59 are denied.

60.     The allegations set forth in Paragraph 60 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 60 are denied.

61.     The Defendants deny Paragraph 61 in its entirety.

62.     The Defendants deny Paragraph 62 in its entirety.

63.     The Defendants deny Paragraph 63 in its entirety.

10

64.    The allegations set forth in Paragraph 64 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 64 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

65.    The allegations set forth in Paragraph 65 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 65 are denied.

66.    The Defendants deny Paragraph 66 in its entirety.

67.    The Defendants deny Paragraph 67 in its entirety.

68.    The Defendants deny Paragraph 68 in its entirety.

69.    The allegations set forth in Paragraph 69 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 69 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

**SECOND CLAIM FOR RELIEF**
**Violation of WWPCL – Unpaid Wages and Overtime**
**(Plaintiff on behalf of himself and the Wisconsin Wage Class)**

70.    The Defendants adopt and reassert the responses contained in Paragraphs 1-69 of this Amended Answer and Affirmative Defenses.

11

71.     The allegations set forth in Paragraph 71 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 71 are denied.

72.     The allegations set forth in Paragraph 72 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 72 are denied.

73.     The allegations set forth in Paragraph 73 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 73 are denied.

74.     The allegations set forth in Paragraph 74 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 74 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

75.     The allegations set forth in Paragraph 75 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 75 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

76.     The allegations set forth in Paragraph 76 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a

response is required, the allegations in Paragraph 76 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

77.     The allegations set forth in Paragraph 77 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 77 are denied. In addition, the Defendants deny that any unlawful actions occurred and deny all assertions of wrongdoing on the part of the Defendants, whether in regard to any federal or state wage and hour statute, or any other law or regulation.

78.     The allegations set forth in Paragraph 78 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 78 are denied.

79.     The allegations set forth in Paragraph 79 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 79 are denied.

80.     The allegations set forth in Paragraph 80 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 80 are denied.

81.     The allegations set forth in Paragraph 81 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 81 are denied.

82.    The allegations set forth in Paragraph 82 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 82 are denied.

83.    The allegations set forth in Paragraph 83 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 83 are denied.

84.    The allegations set forth in Paragraph 84 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 84 are denied.

85.    The allegations set forth in Paragraph 85 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 85 are denied.

86.    The allegations set forth in Paragraph 86 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 86 are denied.

87.    The allegations set forth in Paragraph 87 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 87 are denied.

88.    The allegations set forth in Paragraph 88 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 88 are denied.

Case 2:12-cv-00274-CNC   Filed 05/14/12   Page 14 of 21   Document 21

89.     The allegations set forth in Paragraph 89 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 89 are denied.

90.     The allegations set forth in Paragraph 90 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 90 are denied.

91.     The allegations set forth in Paragraph 91 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 91 are denied.

92.     The allegations set forth in Paragraph 92 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 92 are denied.

93.     The allegations set forth in Paragraph 93 of the Complaint represent conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 93 are denied.

94.     The Defendants deny Paragraph 94 in its entirety.

95.     The Defendants deny Paragraph 95 in its entirety.

96.     The Defendants deny Paragraph 96 in its entirety.

97.     The Defendants deny Paragraph 97 in its entirety.

98.     The Defendants deny Paragraph 98 in its entirety.

99.     The Defendants deny that the Plaintiff is entitled to said relief.

100.    As to each and every remaining allegation not specifically admitted or denied, Defendants deny such allegations and put Plaintiff to his strict proof thereon.

WHEREFORE, the Defendants deny that the Plaintiff and/or members of the purported class or collective action are entitled to any relief as more particularly described at the conclusion of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

WHEREFORE, NOW COME the Defendants, BEER CAPITOL DISTRIBUTING, INC., ALDO MADIGRANO, RONALD FOWLER, and MICHAEL MERRIMAN (hereinafter collectively referred to as the "Defendants"), by and through their attorneys, JACKSON LEWIS LLP, by Ann Barry Hanneman and Brian G. Nuedling, and as and for their affirmative defenses to the Plaintiff's Complaint, hereby aver the following:

1.      **FIRST AFFIRMATIVE DEFENSE:** As and for their first affirmative defense, the Defendants aver that some or all of the claims of the Plaintiff and/or members of the purported class or collective action fail to state a claim upon which relief may be granted.

2.      **SECOND AFFIRMATIVE DEFENSE:** As and for their second affirmative defense, the Defendants aver that the claims of the Plaintiff and/or members of the purported class or collective action are barred in whole or in part to the extent that the Defendants acted lawfully, in good faith, and without malice, intent or reckless indifference toward any rights of the Plaintiff and/or members of the purported class or collective action.

3.      **THIRD AFFIRMATIVE DEFENSE:** As and for their third affirmative defense, the Defendants aver that the claims of the Plaintiff and/or members of the purported class or collective action are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

16

4.      **FOURTH AFFIRMATIVE DEFENSE:** As and for their fourth affirmative defense, the Defendants aver that if the Plaintiff and/or members of the purported class or collective action sustained injuries and/or damages as alleged, said injuries and/or damages may be due, in whole or in part, to the negligence, conduct, fault, carelessness, want of ordinary care or omissions on the part of the Plaintiff and/or members of the purported class or collective action, and/or other persons or entities not named in this action.

5.      **FIFTH AFFIRMATIVE DEFENSE:** As and for their fifth affirmative defense, the Defendants aver that the Plaintiff and/or members of the purported class or collective action have failed to plead a cause of action with sufficient particularity to support an award of liquidated damages under the Fair Labor Standards Act.

6.      **SIXTH AFFIRMATIVE DEFENSE:** As and for their sixth affirmative defense, the Defendants aver that if a violation of the Fair Labor Standards Act occurred – which is specifically denied – such violation was not willful, and therefore all claims are limited to a two-year limitations period calculated from the date the named Plaintiff brought suit or any subsequent plaintiff files a written consent to join this action.

7.      **SEVENTH AFFIRMATIVE DEFENSE:** As and for their seventh affirmative defense, the Defendants aver that some or all of the claims of the Plaintiff and/or members of the purported class or collective action may be barred by the executive, administrative or outside sales exemptions set forth in 29 U.S.C. § 213(a)(1).

8.      **EIGHTH AFFIRMATIVE DEFENSE:** As and for their eighth affirmative defense, the Defendants aver that some or all of the claims of the Plaintiff and/or members of the purported class or collective action may be barred by the applicable

statute of limitations of the Fair Labor Standards Act, including the two-year limitation, as set forth in 29 U.S.C. § 255, and statutes of limitation applicable to the state law claims of the Plaintiff and/or members of the purported class or collective action, including, but limited to, the two-year limitations period set forth in § 109.09.

9. **NINTH AFFIRMATIVE DEFENSE:** As and for their ninth affirmative defense, the Defendants aver that Beer Capitol Distributing, Inc., acted at all times in good faith in attempting to comply with its obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

10. **TENTH AFFIRMATIVE DEFENSE:** As and for their tenth affirmative defense, the Defendants aver that Beer Capitol Distributing, Inc., complied with all recordkeeping requirements of the FLSA and Wisconsin law.

11. **ELEVENTH AFFIRMATIVE DEFENSE:** As and for their eleventh affirmative defense, the Defendants aver that the time for which the Plaintiff and/or members of the purported class or collective action seek compensation is *de minimis.*

12. **TWELFTH AFFIRMATIVE DEFENSE:** As and for their twelfth affirmative defense, the Defendants aver that the Plaintiff and/or members of purported class or collective action are not similarly situated. The potential claims of the purported class reflect variability.

13. **THIRTEENTH AFFIRMATIVE DEFENSE:** As and for their thirteenth affirmative defense, the Defendants aver that the claims of the Plaintiff and/or members of the purported class or collective action relate, in part, to alleged time constituting preliminary and postliminary activities under the Portal-to-Portal Act.

14.  **FOURTEENTH AFFIRMATIVE DEFENSE:** As and for their fourteenth affirmative defense, the Defendants aver that some of the activities for which the Plaintiff and/or members of the purported class or collective action seek compensation were not "work" with the meaning of the FLSA. Some of the activities were not integral and indispensable to the principal activities of Beer Capitol Distributing, Inc., and/or were taken for the convenience of the Plaintiff and/or members of the purported class or collective action.

15.  **FIFTEENTH AFFIRMATIVE DEFENSE:** As and for their fifteenth affirmative defense, the Defendants aver that to the extent that the Defendants are indebted to the Plaintiff and/or members of the purported class or collective action for any unpaid overtime payments, the extent of the Defendants' liability must be offset by the amounts paid to the Plaintiff and/or members of the purported class or collective action during their employment.

16.  **SIXTEENTH AFFIRMATIVE DEFENSE:** As and for their sixteenth affirmative defense, the Defendants aver that the claims for damages are barred to the extent that the Plaintiff and/or members of the purported class or collective action have failed to mitigate any damages that they might have sustained.

17.  **SEVENTEENTH AFFIRMATIVE DEFENSE:** As and for their seventeenth affirmative defense, the Defendants aver that the claims of the Plaintiff and/or members of the purported class or collective action for punitive or exemplary damages may violate substantive and procedural due process protections of the Wisconsin and United States Constitutions.

18.     **EIGHTEENTH AFFIRMATIVE DEFENSE:** As and for their eighteenth affirmative defense, the Defendants aver that any award of exemplary or punitive damages in this action would be an unconstitutional excessive fine.

19.     **NINETEENTH AFFIRMATIVE DEFENSE:** As and for their nineteenth affirmative defense, the Defendants aver that those matters that are equitable in nature are not triable to a jury, but to the court. Consequently, the Defendants object to a jury trial for those issues that are equitable in nature, including, but not limited to, the claims of the Plaintiff and/or members of the purported class or collective action for compensatory, liquidated, punitive damages, and "other and further relief."

20.     **TWENTIETH AFFIRMATIVE DEFENSE:** As and for their twentieth affirmative defense, the Defendants aver that this matter, as pled, may not be appropriate as an FLSA collective action and a state law class action under Rule 23 of the Federal Rules of Civil Procedure, as these distinct actions may not be compatible under the facts of this case. Further, this Court's potential exercise of supplemental jurisdiction may be improper, since the state-law claims may substantially predominate over the federal claims, and that, coupled with the inherent conflict between the opt-in procedure under the FLSA and the opt-out procedure under Rule 23, may render this proposed combined action flawed as a matter of fact and law.

The Defendants reserve the right to amend their Amended Answer and add additional affirmative defenses or counterclaims that may become known during discovery and/or during the course of this litigation.

20

**WHEREFORE,** having fully answered the Plaintiff's Complaint, the Defendants respectfully request that:

1.  Judgment be entered in the Defendants' favor and that all claims asserted in this action be dismissed *with prejudice*;

2.  Judgment be entered against the Plaintiff in the Defendants' favor for all costs and attorney's fees incurred by the Defendants in defense of this action; and

3.  The Defendants recover such other relief as the court may deem just and proper.

Dated this 14th day of May, 2012.

                              **BEER CAPITOL DISTRIBUTING, INC.**

                              By:    s/ Ann Barry Hanneman
                                     Ann Barry Hanneman, Esq. (SBN 1008899)
                                     Brian G. Nuedling, Esq. (SBN 1035493)
                                     JACKSON LEWIS LLP
                                     20975 Swenson Drive, Suite 250
                                     Waukesha, WI 53186
                                     Telephone: (262) 717-3170
                                     Facsimile: (262) 717-3186
                                     Email: ann.hanneman@jacksonlewis.com
                                            brian.nuedling@jacksonlewis.com

4833-2816-7183, v. 1

21