UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW TOBIN,
on behalf of himself and all others
similarly situated,

        Plaintiffs,

        v.                            Case No. 12-C-0274

BEER CAPITOL DISTRIBUTING INC.,
ALDO MADIGRANO,
RONALD FOWLER,
MICHAEL MERRIMAN,

        Defendants.

ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (DOC. 33), APPROVING THE PARTIES' JOINT
STIPULATION TO CERTIFY THE COLLECTIVE CLASS
PURSUANT TO 29 U.S.C. § 216(b) AND THE WISCONSIN CLASS
PURSUANT TO FED. R. CIV. P. 23, DENYING AS MOOT PLAINTIFFS' MOTION TO
CERTIFY CLASS (DOC. 11), APPOINTING CLASS REPRESENTATIVE AND CLASS
COUNSEL, APPROVING NOTICE PROCEDURE,
AND SETTING FAIRNESS HEARING

      Matthew Tobin, on behalf of himself and others similarly situated, and defendants Beer Capitol Distributing, Inc., Aldo Madigrano, Ronald Fowler, and Michael Merriman, have reached an agreement to settle plaintiffs' claims that defendants failed to pay their merchandisers for hours worked in excess of forty hours per workweek in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin's overtime laws. On October 5, 2012, the parties filed a joint motion for preliminary approval of the class action settlement. The parties seek certification of proposed Collective and Wisconsin Classes, a date for a fairness hearing, and approval of the procedure for notifying class members.

      When considering whether to certify a class for the purpose of settlement, the court must consider if the case meets the requirements of Fed. R. Civ. P. 23 without deciding

whether proceeding as a class action creates intractable management difficulties. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Specifically, the court must find that the putative class meets all of the requirements of Rule 23(a) and any one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Rule 23(a) allows individual plaintiffs to represent a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(b)(3). Here, the parties assert that they meet the requirements of Rule 23(b)(3), which allows a class action to proceed if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

As an initial matter, the parties have stipulated to certify the Fair Labor Standards Act (FLSA) collective action pursuant to 29 U.S.C. § 216(b) ("Collective Class") and the Fed. R. Civ. P. 23 class for Wisconsin state law overtime claims ("Wisconsin Class"). The Collective Class is defined as:

> All persons employed by Beer Capitol Distributing, Inc. as a Merchandiser at any time during the period of March 21, 2009, to May 1, 2012, who were not paid overtime premium compensation in any workweek in which he or she worked more than forty hours during that period.

In addition, the parties have agreed to the following definition of the Wisconsin Class:

2

> All persons employed by Beer Capitol Distributing, Inc. as a
> Merchandiser at any time during the period of March 21, 2010,
> to May 1, 2012, who were not paid overtime premium
> compensation in which he or she worked more than forty hours
> during that period.

Having reviewed the documents on file, the court is satisfied that the parties have defined the class properly, identified all class members, and taken proper steps to calculate damages. Matthew Tobin, the named plaintiff, worked as a Merchandiser during the relevant period and was subject to the pay practices identified in the complaint. With 58 members of the Wisconsin Class, joinder is impracticable. Moreover, the theories that Tobin has set forth in the complaint apply equally to him and the other class members. Specifically, the following factual and legal issues are common to the class:

1. Whether Beer Capitol paid the Wisconsin Class overtime premium compensation pursuant to Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03 (DWD).

2. Whether the members of the Wisconsin Class qualify for the executive exemption, raised by Beer Capitol as an affirmative defense, as provided in Wis. Admin. Code § DWD 274.04(1)(a).

3. Whether the members of the Wisconsin Class qualify for the administrative exemption, raised by Beer Capitol as an affirmative defense, as provided in Wis. Admin. Code § DWD 274.04(1)(b).

4. Whether the members of the Wisconsin Class qualify for the outside sales exemption, raised by Beer Capitol as an affirmative defense, as provided in Wis. Admin. Code § DWD 274.04(2).

5. Whether Beer Capitol failed to pay appropriate wages to the members of the Wisconsin Class within the meaning of Wis. Stat. § 109.03.

6. The amount of work performed by the members of the Wisconsin Class.

Thus, for the purposes of Rule 23(b)(3), the court is satisfied that the questions common to the entire class predominate over individual claims and that a class action is superior to other methods for a fair and efficient adjudication.

Next, the adequacy-of-representation requirement "tend[s] to merge" with the commonality and typicality criteria of Rule 23(a), which "serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Products, Inc.,* 521 U.S. 591, 626 at n. 20 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157, n. 13, 102 S. Ct. 2364, 2370, n. 13, 72 L. Ed. 2d 740 (1982)). Tobin is typical, because he like other class members, worked as merchandiser during the class period and was paid a salary rather than overtime compensation. Moreover, he does not appear to have a conflicting interest. In addition, proposed class counsel, the Cross Law Firm, has experience in similar disputes in this district and the Western District of Wisconsin.

While it is true that collective actions are not subject to Rule 23 or mentioned in any other federal rule of civil procedure, the Seventh Circuit Court of Appeals explained recently that collective actions are certified and decertified just like class actions, unaffected by the absence of a governing rule of procedure. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012). Here, where the factual and employment settings of the class members are similar and the various defenses appear to be the same, proceeding as a collective action appears to be the prudent course.

Once the class is certified, the class claims may not be settled without the approval of the court, Fed. R. Civ. P. 23(e), and the court decides whether to approve a settlement

4

"only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

Preliminarily, the court has considered the settlement offer, which provides for two settlement funds based on the differences between the FLSA collective action and the Wisconsin state law class action. The Third Year Collective Fund requires a class member to opt in by returning a consent form to receive a pro rata share. Without opting in, the class member will receive a pro rata share of the two year Wisconsin Class Fund. The time periods were determined by the relevant statutes of limitation. Further, the amounts of the funds were determined by the respective percentages of the settlement fund worked by the class members in the two time periods based on the time records produced by defendants. Notably, the defendants produced the time records for all 58 merchandisers for the period from March 21, 2009, through May 1, 2012. These records indicate the start and stop times each day with the time taken for lunch. At this stage, the formula used to determine each class member's assigned percentage and the claims procedure appears fair and reasonable.

As a final matter, the court approves the form and transmittal of the notice of class action as discussed in Exhibit B to the settlement agreement. The proposed notice complies with Rule 23(3)(1) inasmuch as it provides direct notice in a reasonable manner to all class members who would be bound by the proposal. It plainly and adequately describes the nature of the action and the claims, the options in the settlement, defines the two classes, explains that class members may hire their own attorney and the binding nature of the class judgment. In addition, it explains how to request to be excluded from the settlement, how to comment or how to object. Now, therefore,

5

IT IS ORDERED that preliminary approval of the settlement agreement is granted. (Doc. 24.)

IT IS FURTHER ORDERED that the Wisconsin Class is certified for the purposes of Fed. R. Civ. P. 23. The class is defined as follows:

> All persons employed by Beer Capitol Distributing, Inc. In Wisconsin as a Merchandiser at any time during the period of March 21, 2010, to May 1, 2012, who were not paid overtime premium compensation in any workweek in which he or she worked more than forty hours during that period.

IT IS FURTHER ORDERED that the Collective Class is certified as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The class is defined as follows:

> All persons employed by Beer Capitol Distributing, Inc. in Wisconsin as Merchandiser at any time during the period of March 21, 2010, to May 1, 2012, who were not paid overtime premium compensation in any workweek in which he or she worked more than forty hours during that period.

IT IS FURTHER ORDERED that Matthew Tobin shall serve as class representative for the Wisconsin Class and the Collective Class.

IT IS FURTHER ORDERED that Cross Law Firm, S.C., by Attorney Larry A. Johnson, is appointed class counsel for purpose of the certified Rule 23 Wisconsin Class and the Collective Class.

IT IS FURTHER ORDERED that the court approves the form and the sending of the notice of class action attached as Exhibit B to the Settlement Agreement.

IT IS FURTHER ORDERED that the court will conduct a fairness hearing on February 15, 2013, at 9:30 a.m., to decide whether to grant final approval of the settlement and class counsel's petition for attorneys' fees and costs. The fairness hearing will take place in Room 222 of the United States District Court for the Eastern District of Wisconsin,

517 East Wisconsin Avenue, Milwaukee, WI 53202. Class counsel shall file with the court a petition for attorney's fees and costs twenty one days prior to the fairness hearing.

IT IS FURTHER ORDERED that plaintiffs' motion to certify class is denied as moot. (Doc. 11.)

Dated at Milwaukee, Wisconsin, this 19th day of October, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE