UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW TOBIN,
on behalf of himself and all others
similarly situated,

                Plaintiffs,

          v.                            Case No. 12-C-0274

BEER CAPITOL DISTRIBUTING, INC.,
ALDO MADIGRANO,
RONALD FOWLER,
MICHAEL MERRIMAN,

                Defendants.

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

On February 15, 2013, at 9:30 A.M., a fairness hearing was held on the Parties' Joint Motion For Final Approval of Class and Collective Action Settlement. Class Counsel, Larry Johnson of Cross Law Firm, S.C., appeared for the Plaintiff and the Class. Defendants appeared by Jackson Lewis, LLP, by Brian Nuedling. Plaintiff, the Collective Class, the Wisconsin Class, and Defendants are referred to collectively in this Order as the Parties.

Having received and considered the Settlement Agreement, the supporting papers filed by the Parties, and the evidence and argument received during the fairness hearing, by means of this Order (the "Final Approval Order"), the Court hereby orders and makes determinations as follows:

1. The terms set forth in the Settlement Agreement. (Doc. 33-1) are approved.

2. This Court has jurisdiction over the subject matter of this litigation, all related matters, all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over each defendant and each class member. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) (the Fair Labor Standards Act "FLSA").

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state-law claims asserted by Plaintiff because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4. Pursuant to this Court's October 19, 2012, Order, a Notice of Settlement and Plaintiff Consent Form were sent to each of the Wisconsin Class and the Collective Class members. These papers plainly and adequately describe the nature of the action, the claims, the options in the settlement, the definition of the two classes, an explanation that class members may hire their own attorneys and the binding nature of the class judgment. In addition, the Notice explains how class members can request to be excluded from the settlement, how to comment or object, and the date of the fairness hearing. Moreover, the Notice was provided by USPS first class mail to the most recent address available for each class member. The Notice was provided with ample time for the each class member to follow the procedures set out in the Notice.

5. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the grounds for the Court to make an informed decision regarding approval of the Settlement Agreement based on the responses of class members. Notice was accomplished in all material respects in the matter prescribed by the Settlement Agreement and the October 19, 2012, Order. The Court finds and determines that Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process, including, but not limited to, the requirements of Fed. R. Civ. P. 23, the FLSA, the United States Constitution, and other applicable law.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court further finds that (a) the terms of the Settlement Agreement are fair, reasonable, and adequate to the Wisconsin Class and to each class member, (b) no class member has excluded themselves from the Settlement, (c) no class member has objected to the Settlement Agreement, and (d) all terms and provisions of the Settlement Agreement should be consummated. The Court further finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation, and that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Wisconsin Class and Defendants, after thorough factual and legal investigation.

7. The Court finds that the payments to be made to the Wisconsin Class and the Collective Class, as provided for in the Settlement Agreement, are fair and reasonable. The plan of allocation is rationally related to the relative strengths of the respective claims asserted. Moreover, the allocation is rationally related to each class

member's potential recovery. (Doc. 33-1.) Thus, final payment of those amounts shall be made to the class members out of the $275,000 common fund in accordance with the terms of the Settlement Agreement.

8. An Enhancement Payment to the Class Representative in the amount of $5,000 is approved as fair and reasonable based on the applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals and said amount shall be paid in accordance with the Settlement Agreement.

9. Class Counsel's petition for costs and attorneys' fees (Doc. 37) in the amount of $91,666.67, inclusive of all costs, is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals and said amount shall be paid in accordance with the Settlement Agreement.

10. The Class Representative and the Wisconsin Class members who did not exclude themselves from the settlement and who returned a timely executed Consent Form, have released all federal and Wisconsin law claims for overtime compensation between March 21, 2009, and May 1, 2012. As to those individuals who did not exclude themselves from the settlement and who did not return a timely executed Consent Form, they have released all claims for overtime compensation under Wisconsin state wage and hour laws between March 21, 2010, and May 1, 2012, but have not released their claims under the FLSA.

11. Without affecting the finality of these determinations in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to

interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement. Compliance with the Settlement Agreement is required.

12. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's Order.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE